STEWART *et al.* Appellants, *vs.* ANDERSON, GARNISHEE OF BLOOMER & HOLMES, Respondent.

1. Under the new code, the denial of the answer of a garnishee need not be verified by affidavit.

*Appeal from St. Louis Court of Common Pleas.*

John J. Anderson was summoned as garnishee, to answer touching his indebtedness to Bloomer and Holmes, defendants in an execution, in which Stewart and others were plaintiffs. At the return term of the writ, he appeared and filed his answer to the allegations and interrogatories exhibited by the plaintiffs. The plaintiffs denied the answer, but their denial not being verified by affidavit, the garnishee was, on motion, discharged. From this action of the court, the plaintiffs appealed.

*Knox & Kellogg*, for appellants. The denial of the answer of a garnishee need not be verified by affidavit. R. C. 1845, chap. 11, p. 141, sec. 32. Act concerning Garnishees, Sess. Acts, 1847, pp. 109, 110, sec. 3. The Court of Common Pleas must have decided that the Practice Act of 1849, required the denial of the answer to be verified by affidavit. There is nothing in this act in relation to this subject, unless

article seven, sections one and two, on page 81, be comprehensive enough to reach this case. These sections only require that the petition, answer and reply to off-sets must be verified by the affidavit of the party. As the denial of the answer of the garnishee is neither a petition, answer or reply to off-sets, the plaintiffs submit that the act does not require such verification.

*Todd & Krum,* for respondent. The denial of the answer of the garnishee is a pleading within the meaning of the sixth and seventh articles of the act of 1849. Section fifteen, article five, provides, that the pleadings in attachment suits shall conform, as near as may be, to the provisions of that act. Section two, article seven, requires that every pleading shall be verified by affidavit.

RYLAND, Judge, delivered the opinion of the court.

1. The only question before the court, in this case, is the propriety of the action of the court below in discharging the garnishee, because the denial of the plaintiffs to the answer of the garnishee was not verified by affidavit. In the opinion of this court, such denial need not be on oath; the statute does not require the denial of the answer of a garnishee to be sworn to.

" The plaintiff may deny the answer of the garnishee, in whole or in part, and the issues shall be tried as ordinary issues between plaintiffs and defendants." Attachment Act, 1845, section 32.

Act concerning garnishees, 1846–7, section 3 : " When a plaintiff shall file his interrogatories to the garnishee, he shall also file a plain and distinct statement of the grounds on which he requires the garnishee to answer, and the garnishee may then plead and defend as he might do, if he were sued for the same cause, by the defendant in the action."

Practice act, 1849, section 15, article 5 : " Suits may be brought by attachment in the cases, and conducted in the man-

.ner authorized by statute in such cases : Provided, that the pleadings and procedure shall be, as near as may be, according to the provisions of this act." Same act, article 7, section 2 : " Every pleading must be subscribed by the party or his attorney ; and the petition and answer and reply to off-sets must each be verified by the affidavit of the party, his agent or attorney, to the effect, that he believes it and the matters therein as stated to be true," &c.

Now the denial of the answer of the garnishee was not required by the statutes of 1845 and 1847, to be under oath ; nor can we properly assimilate it to the " petition, answer or reply to off-sets," under the new code of practice. This court will not, by its decision, increase the quantity of swearing in judicial proceedings, now already sufficiently *extended* for all practical purposes.

The judgment of the court below is erroneous, and by the concurrence of the other judges it is reversed, and the cause remanded.